UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

*In re:*

AQUA LIFE CORP. d/b/a PINCH-A-PENNY #43,　　　　　　　Case No.: 17-15918-BKC-RAM

　　　　　　　Chapter 11

　　　Debtor.　　　　　　　/

**DEBTOR'S APPLICATION TO RETAIN CURRENT OUTSIDE BOOKKEEPER REINALDO L. AZAN, CPA AND THE FIRM OF REINALDO L. AZAN, CPA AS DEBTOR'S ACCOUNTANT AND BOOKKEEPER, *NUNC PRO TUNC* TO THE PETITION DATE**

**(Hearing requested for June 7, 2017 at 11:00 a.m.)[1]**

AQUA LIFE, CORP. (the "Debtor"), by and through undersigned counsel,[2] and pursuant to sections 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), moves for the entry of an order authorizing the Debtor's employment and payment of Reinaldo L. Azan, CPA and the firm of Reinaldo L. Azan, CPA (together "Azan") to continue providing Services (as defined herein) to the Debtor, *nunc pro tunc* to May 10, 2017 (the "Application"). In support of this Application, the Debtor relies upon the *Chapter 11 Case Management Summary* (the "CMS") [ECF # 7]:

**JURISDICTION**

1.　　This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] There are currently other matters set to be heard on this date and time, at which all interested parties are expected to be in attendance.

[2] On Monday, May 15, 2017, the Court heard and approved, on an interim basis, the *Debtor's Emergency Application for Approval, on an Interim and Final Basis, of Employment of Jacqueline Calderin, Esq. and the Law Firm of Ehrenstein Charbonneau Calderin as General Bankruptcy Counsel for the Debtor-in-Possession, Nunc Pro Tunc to the Petition Date*. The Order has been submitted and is pending entry.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, Florida 33131 · T. 305.722.2002 · www.ecclegal.com**

**FACTUAL BACKGROUND**

2. On May 10, 2017 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is a small business debtor as defined in section 101(51D) of the Bankruptcy Code and is managing its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. To date, no trustee, examiner, or statutory committee has been appointed in this case.

5. For a detailed description of the Debtor, its operations, and its assets and liabilities, the Debtor respectfully refers the Court and parties-in-interest to the CMS.

6. The Debtor operates a swimming pool retail, service, construction, and repair business. In the ordinary course of the Debtor's business, the Debtor sells swimming pool equipment to retail customers for personal use.

7. Prior to the Petition Date, the Debtor employed Azan as its bookkeeper and accountant. Azan assists the Debtor with bookkeeping, preparing tax returns, reviewing the Debtor's books and records, and providing financial advice (the "Services"). Due to the Debtor's pre-petition employment of Azan, Azan has institutional knowledge of the Debtor's finances and is uniquely positioned to continue to provide the Services to the Debtor's estate.

**RELIEF REQUESTED AND BASIS THEREFOR**

8. The Debtor files this Application seeking authority to employ and compensate Azan to continue to provide Services to the Debtor during the pendency of this case pursuant to sections 327, 328, and 330 of the Bankruptcy Code.

EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Key Drive · Suite 300 · Miami, Florida 33131 · T. 305.722.2002 · www.ecclegal.com

9. Furthermore, the Debtor seeks authority to compensate Azan pursuant to the following terms:

    a. The Services will be billed at the standard hourly rates of Azan, which rates are subject to periodic adjustment to reflect economic and other conditions.

    b. Azan's compensation shall not exceed $450.00 per month plus reimbursement of actual costs (the "Monthly Cap"). As long as Azan's fees do not exceed the Monthly Cap, he is excused from the requirement of filing a fee application for the allowance and payment of fees up to and including the Monthly Cap.

    c. If Azan seeks compensation in excess of the Monthly Cap, he shall file a fee application with detailed time entries and invoices for the entirety of his post-petition engagement, including the time spent up to and exceeding the Monthly Cap.

10. The uninterrupted service that Azan provides to the Debtor is important to the Debtor's ability to maintain its operations without disruption and its going concern value. Moreover, Azan's fees (subject to the Monthly Cap) are *de minimus* given the size of the estate. If Azan were required to regularly file fee applications, the administrative costs to the Debtor's estate would likely be equal to, or greater than, the Monthly Cap itself. Accordingly, the Debtor proposes that it be permitted to pay without formal application to the Court Azan's invoices for Services provided to the Debtor on a monthly basis, so long each invoice does not exceed the Monthly Cap. Azan shall maintain all time and expense records and file a final fee application with this Court.

11. To the best of the Debtor's knowledge, Azan does not have any connection with the Debtor's creditors or other parties in interest or their respective attorneys. Azan does not hold any interest adverse to the Debtor.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, Florida 33131 · T. 305.722.2002 · www.ecclegal.com

12. Upon the Debtor's knowledge and belief, Azan does not hold any pre-petition claim against the Debtor. Moreover, the Debtor is not requesting authority to pay any amounts owing to Azan, if any, on account of services rendered prior to the Petition Date. Accordingly, the Debtor submits that Azan is a "disinterested person" as defined by section § 101(14) of the Bankruptcy Code. Azan's affidavit of disinterestedness is attached hereto as **Exhibit "A"**.

13. Based upon the very limited role that Azan will undertake in this case and given the Monthly Cap, it would be unduly burdensome to require Azan to file fee applications. Accordingly, the Debtor submits that cause exists for the Court to authorize the Debtor's compensation of Azan without the necessity of Azan filing fee applications, so long as the Monthly Cap is not exceeded.

14. Due to Azan's pre-petition employment by the Debtor, Azan is well-versed with respect to the Debtor's finances, books, and records. The interruption and the duplicative cost in obtaining a substitute accountant to replace Azan at this juncture would be prejudicial to the Debtor, its estate, and its creditors. Were the Debtor required to retain an alternative accountant to maintain its books and records, the Debtor, its estate, and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate Azan's familiarity with the Debtor's finances. The Debtor, therefore, submits that Azan is well-qualified and uniquely able to provide the Services to the Debtor during the pendency of this case.

15. Based upon the foregoing, the Debtor submits that maintaining Azan's employment as its accountant is in the best interests of the Debtor's estate, its creditors, and all other interest parties.

**WHEREFORE**, the Debtor respectfully request that the Court enter an Order: (i) granting the Motion; (ii) authorizing the Debtor's continued employment of Azan in the

ordinary course for the limited purposes of providing the Services pursuant to the terms contained herein; (iii) authorizing the Debtor's compensation of Azan in pursuant to the term contained herein; and (iv) providing any further relief the Court deems just and proper.

I CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on May 17, 2017.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for the Debtor-in-Possession*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002
www.ecclegal.com

By: _____
Jacqueline Calderin
Florida bar No: 134414
jc@ecclegal.com
Tamara Van Heel
Florida bar No: 107104
tvh@ecclegal

5
EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Key Drive · Suite 300 · Miami, Florida 33131 · T. 305.722.2002 · www.ecclegal.com

# Exhibit "A"

**Exhibit "A"**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

*In re:*

| | |
|---|---|
| AQUA LIFE CORP. d/b/a PINCH-A-PENNY #43, | Case No.: 17-15918-BKC-RAM |
| | Chapter 11 |
| Debtor.                               / | |

### AFFIDAVIT OF DISINTERESTEDNESS AND RULE 2016 DISCLOSURES OF PROPOSED BOOKKEEPER REINALDO L. AZAN, CPA

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) SS: |
| COUNTY OF MIAMI-DADE | ) |

**BEFORE ME**, the undersigned authority, personally appeared REINALDO L. AZAN, in Miami-Dade County, Florida, who after being duly sworn, deposes and says as follows:

1. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

2. I am a certified public accountant licensed to practice in the state of Florida and I am in good standing with all applicable licenses and certifications.

3. I am the sole Owner of Reinaldo L. Azan, CPA ("Azan"), with offices located at 1005 S.W. 87th Avenue, Miami, Florida 33174. I am familiar with the matters set forth in this Affidavit in support of the *Debtor's Application to Retain Current Outside Bookkeeper Reinaldo L. Azan, CPA and the Firm of Reinaldo L. Azan, CPA as Debtor's Accountant and Bookkeeper* (the "Application").

4. In preparing this Affidavit, I reviewed (i) lists of all of the creditors and interested parties of the Debtor[1] as provided by the Debtor's Chapter 11 petition and (ii) results of UCC searches performed in respect of the Debtor.

5. Neither I nor the firm represent any interest adverse to the Debtor, or the estate and we are disinterested persons as required by 11 U.S.C. § 327(a).

6. Neither I nor the firm has any connections, other than professional, with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the United States Trustee, as required by Fed. R. Bankr. P. 2014.

7. Except for the continuing representation of the Debtor, neither I nor the firm have or will represent any other entity in connection with this case, and neither I nor Azan will accept any fee from any other party or parties in this case, unless otherwise authorized by the Court.

8. Azan is not a creditor of, and asserts no prepetition claim against, the Debtor.

9. This concludes my Affidavit.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
REINALDO L. AZAN

**SWORN TO AND SUBSCRIBED** before me this _15th_ day of May 2017.

_____
NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

NOTARY PUBLIC, STATE OF FLORIDA
Print Name: _Alice Galan_
Commission No. _GG 033216_
My Commission Expires: _1/21/2021_

ALICE GALAN
Notary Public - State of Florida
Commission # GG 033216
My Comm. Expires Jan 21, 2021
Bonded through National Notary Ass'n

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Application.

2

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, Florida 33131 · T. 305.722.2002 · www.ecclegal.com